ELEANOR J. SWAIN ET AL. v. WARREN M. BALDWIN.

*Rescission of land contract.*

1. A man had a contract from his brother for certain land, the vendor reserving the right to declare it void if any payment was a month overdue. The vendee was to pay all taxes. The contract was in duplicate. No one held continuous possession of the land. Only

one payment was made on the contract and several years later the vendor, in furnishing a tax-list of his lands, included the property in question as if it were land upon which it was his duty to pay the taxes, distinguishing it from some other land on which others ought to pay. After the death of both parties both copies of the contract were found among the vendor's papers, and his administrators filed a claim against the vendee's estate for the amount unpaid on the contract. *Held,* that on the facts above stated they did not make out a case; the facts indicated that the contract had been rescinded.

2. A judge's reasons for an instruction to the jury are immaterial if the instruction is warranted.

Error to Berrien.   (A. J. Smith, J.)   June 3.—June 11.

Appeal in probate.   Claimants bring error.   Affirmed.

*Cutcheon, Crane & Stellwagen* for appellants.

*Clapp & Bridgman* for appellee.

Cooley, C. J.   On June 7, 1871, Isaac N. Swain of Detroit made a contract to sell to his brother, Russell Swain, residing in Watervliet, Berrien county, three village lots in Watervliet for the price of $200, of which $50 was to be paid down; $50, June 7, 1872; $50, June 7, 1873; and $50, June 7, 1874,—with interest at 7 per centum, payable annually, on all sums remaining unpaid. Russell Swain was to have possession of the lots from the time of purchase, and was to pay all taxes and assessments thereafter made or levied upon them. If any payment stipulated for was suffered to be thirty days overdue, the vendor was to be at liberty to declare the contract void for that reason, and to treat the vendee as a tenant holding over without permission. The contract was reduced to writing, and seems to have been executed in duplicate. No payment was made upon it after the first.

The vendor died in 1880 and the vendee in 1882. After the death of the latter the administrators of Isaac N. Swain filed with the commissioners on the brother's estate a claim for the amount unpaid on the contract, and on hearing, the commissioners disallowed the claim. The administrators

appealed to the circuit court, and upon trial in that court the jury was instructed to return a verdict for the defendant estate. The case now comes to this Court on writ of error.

The parties to the contract being both deceased, there was difficulty in getting at the facts, and there are many indications in the record that the relations of the parties are not fully explained. Russell Swain seems to have been a man of much less means than his brother, and the brother appears to have been assisting him somewhat, instead of demanding payment from him. But little seems to have been done with the lots, and the possession by any one was not continuous. The duplicate contracts, as they appear in the case, both come from Isaac N. Swain's possession, and it is shown that in January, 1879, he furnished for tax purposes over his signature a list of lands in Watervliet, to which he attached the following:

"Here follows a true description of all my land individually owned by me in the township of Watervliet, Berrien county, Mich., not including such as I have an interest in, in partnership with Burrill A. Olney, Esq., which latter may properly be called the mill company's lands. N. B. The taxes on these descriptions, underscored with red ink, properly belong to others to pay, but I prefer and want to pay them rather than have them returned delinquent."

Then followed a description of lots, including those described in the contract with his brother, and these latter were not underscored.

The facts here mentioned, namely, the furnishing of this list containing a specification of the lands as his own, and indicating so distinctly that it belonged to him to pay taxes, and the possession of the duplicate contracts, raise a presumption that in some manner the contract had been rescinded. The vendor had had a right to rescind it for nearly eight years before his death, for the default in payment had continued for that time ; and while there are no facts from which we should infer that he had been insisting upon strict legal rights, a surrender of the contract by the brother, under the circumstances, and his acceptance of the surrender, would

have seemed a very natural thing between brothers who, apparently, were on proper terms of amity. If, under the circumstances, the estate of the vendor insisted upon the contract as outstanding, the administrators were fairly called upon to explain the facts which tended so strongly to show the contrary; and we find in the evidence nothing which explains or tends to explain them. We are, therefore, of opinion that the circuit judge was warranted in instructing the jury that the plaintiffs had made no case. The reason assigned by him for this conclusion is immaterial.

The judgment must be affirmed.

The other Justices concurred.